UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT S. CIARDIELLO,

                Plaintiff,

-against-

CITY OF NEW YORK,
ANTONIO FERNANDEZ, individually
and officially, as a police officer and
employee of the CITY OF NEW YORK,
JOHN DOE, individually and officially,
as a police officer and employee of the
CITY OF NEW YORK and other officers
whose names are presently unknown,

                Defendants.
------------------------------------------------------------x

**COMPLAINT**

JURY TRIAL
DEMANDED



FILED
APR 15 2008
USDC WP SDNY

08 CIV. 3580

JUDGE MARRERO

On information and belief, plaintiff, Robert S. Ciardiello, by and through his attorneys, the Law Office of Lori S. Sullivan and Debra S. Cohen, Esq., alleges as follows:

### I. Introduction

1. This is an action for money damages against the named defendants brought on behalf of plaintiff Robert S. Ciardiello for the deprivation of rights arising under federal and state law.

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress a denial, under color of state law, of rights secured to plaintiff by the aforementioned statute.

3. It is alleged that on or about February 5, 2007, the defendants, through their agents, servants, and/or employees falsely arrested, detained, and assaulted Robert S. Ciardiello.

4. The City of New York ("City") is liable for the damages complained of herein as a result of the City's adoption of certain policies that resulted in the federal and state law violations committed by said defendants through its agents, servants and/or employees complained of herein or the City failed to adopt policies that would have prevented said violations.

5. The actions of defendants, through their agents, servants, and/or employees subjected Robert S. Ciardiello to numerous acts of negligence, assault and battery and prima facie tort violation of his rights under New York state law.

6. Under state law, the defendants are vicariously liable for the torts committed against Robert S. Ciardiello by their agents, servants and employees who were acting within the scope of their employment and in the furtherance of the interests of said defendants.

7. Plaintiff is seeking compensatory and punitive damages.

## II.   Jurisdiction

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§ 1331. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C.§ 1367 to hear and decide claims arising under state law. Venue is proper in this district under 28 U.S.C.§ 1391.

## III.   Parties

9. Plaintiff ROBERT S. CIARDIELLO is a resident of Eastchester, New York.
10. The defendant, the CITY OF NEW YORK, hereinafter "City", was and still is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.
11. Antonio Fernandez is a police officer and employee of the City of New York, who participated in and/or engaged in the assault, detention, arrest, and/or the filing of false charges against plaintiff in Criminal Court of the City of New York.
12. John Doe is a police officer and employee of the City of New York, who participated in and/or engaged in the assault, detention, arrest, and/or filing of false charges against plaintiff in Criminal Court of the City of New York.

## IV. Notice of Claim

13. With respect to plaintiff's claims arising under state law, on May 3, 2007, plaintiff duly and timely served and filed a Notice of Claim and Intention to Sue upon and with Defendant City.
14. That at least thirty (30) days have elapsed since the demand or claim upon which this action is predicated was presented to the defendants for adjustment and they have neglected and/or refused to make adjustment or payment thereof.
15. The action was commenced within one year and ninety days after the cause of action occurred.

## V. Factual Allegations

16. Claimant's plight began on or about the 5th day of February 2007, when he was unlawfully detained at or about 135 Post Avenue, New York, New York by defendants Antonio Fernandez and John Doe during the course of their employment as police officers employed by the City of New York.

17. Plaintiff, as an owner of three buildings at that location, was meeting with a ground floor tenant, along with Plaintiff's brother and father, when the two police officers were observed arriving at the building and rushing upstairs to the second floor.

18. While Plaintiff finalized the discussion with the ground floor tenant, his father and brother went upstairs to find out why the police were there.

19. When Plaintiff joined them a few minutes later, he observed police officer Fernandez in the hallway outside of the office of a second floor tenant waving what appeared to be a lease in Plaintiff's father's face and asking his father questions about the contents of the lease.

20. After Plaintiff identified himself as an owner of the building and questioned if it was appropriate for the police officers to be involved in a contractual dispute between a landlord and tenant, Defendant Fernandez instigated aggressive questioning and threatened to arrest the Plaintiff, his father and his brother.

21. When Plaintiff questioned the basis for arrest, Defendant Fernandez grabbed him by the jacket, pulled him, handcuffed him and searched him.

22. Defendant Fernandez then pushed Plaintiff down the stairs and locked him in a police car.

23. Plaintiff was forced to sit on public display, handcuffed in the backseat of the police car as it remained parked on the public street in front of his commercial building, for over one hour.

24. During this time Plaintiff repeatedly called to the officers to release or adjust the handcuffs and advised Defendant Fernandez that he thought they were put on wrong because they were cutting into his wrist.

25. Defendant Fernandez refused to check the handcuffs and Plaintiff continued to suffer severe pain until Defendant Doe adjusted the handcuffs correctly.

26. After approximately an hour of sitting in the back of the police car in full view of his tenants and passers-by, Plaintiff was driven by Defendants Fernandez and Doe to the police precinct.

27. While en route, Defendant Fernandez threatened that if Plaintiff, his brother or father ever went back into the building (which they owned), they would be arrested.

28. Plaintiff was held in a cell at the precinct for approximately one to two hours before being issued an appearance ticket for disorderly conduct and then released.

29. On or about April 17, when Plaintiff appeared in Court, he was advised that the charge had been dismissed.

30. As a result of this assault on his person and unlawful detention, Plaintiff was medically treated for pain and nerve damage to his wrist and hand.

31. As a direct result of the injuries he sustained, Plaintiff has experienced pain and continuing numbness in his right hand.

32. As a direct result of Defendant Fernandez's threat to arrest him if he returns to the building he owns, Plaintiff's ability to conduct business at that location has been interfered with.

33. As a result of Plaintiff's prolonged unlawful detention in Defendants' police car in front of his commercial building, he suffered public humiliation, shame and indignity.

34. As a result of Plaintiff's unlawful arrest, he suffered the mental anguish of worrying about the pending charges against him from the date of the incident on or about February 5, 2007 until he appeared in New York City Criminal Court on or about April 17, 2007.

35. Also as a result of Plaintiff's unlawful arrest, he had to retain counsel to defend him on said allegations only to find out upon arrival at the Court that the charge had been dismissed.

36. At all times relevant hereto, the officers aforementioned and other unknown officers were employees of the City of New York, and were on duty at the time of the incidents complained of herein.

37. At all times relevant hereto said officers were acting as agents, servants and/or employees of the City of New York and were acting within the scope of their employment.

38. As a result of the foregoing, Plaintiff ROBERT S. CIARDIELLO was permanently injured, suffered damaged to his business reputation and economic interests, as well as mental anguish and other psychological injuries, shame, humiliation, indignity in violation of his rights secured by federal and state law.

## VI. FEDERAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (UNREASONABLE FORCE)

39. Plaintiff incorporates by reference paragraphs 1 through 38 as if fully set forth here and further alleges as follows:

40. Said conduct of defendants Fernandez and Doe was an unlawful unreasonable use of force that deprived Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION
### (FALSE IMPRISONMENT/ARREST)

41. Plaintiff incorporates by reference paragraphs 1 through 40 as if fully set forth here and further alleges as follows:

42. The Plaintiff was at the aforementioned location and was physically prevented from leaving said premises.

43. Plaintiff, without just cause, was arrested and unlawfully detained by the Defendants.

44. As a direct and proximate result of the foregoing action, said Defendants deprived the Plaintiff of rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

### THIRD CAUSE OF ACTION
### (MONELL – HIRING, TRAINING AND SUPERVISION)

45. The Plaintiff incorporates paragraphs 1 through 44 as if fully set forth here and further alleges as follows:

46. The actions of Defendants were the result of a policy and custom of Defendant City of failing to train Defendant officers properly in the use of force, exercise of arrest powers, detention procedures and responding to landlord/tenant situations.

47. The actions of said defendants were the result of a policy and custom of the City of failing to properly supervise officers in the use of force, exercise of arrest powers, detention procedures and responding to landlord/tenant situations.

48. Said policies, practices and customs of the City, complained of, as well as their omission, deprived said Plaintiff of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## FOURTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

49. Plaintiff incorporates by reference paragraphs 1 through 48 as if fully set forth here and further alleges as follows:

50. The individual Defendants maliciously and without reason or probably cause filed, or caused the filing of charges against Plaintiff in the Criminal Court of the City of New York.

51. Plaintiff was compelled to retain counsel and appear to answer charges falsely filed against him by the individual Defendants.

52. In instigating and procuring the arrest of Plaintiff, said Defendants acted maliciously, without reasonable or probable cause and with full knowledge that the charges made were false and untrue.

53. Said conduct of the individual defendants constituted malicious prosecution in deprivation of Plaintiff's rights privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## STATE CAUSES OF ACTION

### FIFTH CAUSE OF ACTION
### (ASSAULT AND BATTERY)

54. Plaintiff incorporates by reference paragraphs 1 through 53 as if fully set forth here and further alleges as follows:

55. The actions of defendants, and each of them, were intentional and malicious and were committed with wanton disregard for the rights of the Plaintiff.

56. The actions of the Defendants, and each of them, were unjustified and unnecessary in the performance of their duties and were unreasonable, unwarranted and excessive uses of force.

57. The actions of the Defendants, and each of them, constituted unlawful assaults and batteries upon said Plaintiff.

58. Defendants, and each of them, acted in concert and conspired to commit said assault and batteries upon said Plaintiff.

59. As a direct and proximate result of said conduct. Plaintiff sustained injuries, both physical and mental and was irreparably damaged. Additionally, said Plaintiff has suffered special damages in the form of medical expenses and lost income and will suffer additional special damages in the future.

60. Said conduct of defendants was so wanton and, willful and reckless and in total disregard for the public health as to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
### (FALSE IMPRISONMENT/ARREST)

61. Plaintiff incorporates by reference paragraphs 1 through 60 as if fully set forth here and further alleges as follows:

62. Defendant City's officers without probable cause or just case, acting within the scope of their authority as police officers, forcefully seized and wrongfully and unlawfully arrested Plaintiff.

63. The actions of defendants, by its agents, servants and/or employees were malicious, unlawful, against the will of Plaintiff and were committed by Defendants within the scope of their authority and without just cause. The Defendants committed said false arrest of the Plaintiff.

### SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

64. Plaintiff incorporates by reference paragraphs 1 through 63 as if fully set forth here and further alleges as follows:

65. The individual defendants maliciously and without reason and probable cause filed, or caused the filing of charges against Plaintiff in the Criminal Court of the City of New York.

66. Plaintiff was compelled to retain counsel and answer charges falsely filed against him.

67. In instigating and procuring the arrest of Plaintiff, said Defendants acted maliciously, without reasonable or probable cause and with full knowledge that the charges made were false and untrue.

68. Said conduct of Defendants constituted a malicious prosecution.

### EIGHT CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

69. Plaintiff incorporates by reference paragraphs 1 through 68 as if fully set forth here and further alleges as follows:

70. The actions of the Defendants, and each of them, were extreme and outrageous and constituted an intentional infliction of emotional distress upon Plaintiff.

71. Defendants intentionally inflicted emotional distress upon said Plaintiff through deliberate and malicious harassment, intimidation and subjection to public embarrassment.

72. Said conduct of said Defendants was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the right of Plaintiff to be free from the intentional inflict of emotional distress as to warrant imposition of punitive damages, in addition to compensatory damages.

73. Defendants committed said intentional infliction of emotional distress upon Plaintiff.

### NINTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

74. Plaintiff incorporates by reference paragraphs 1 through 73 as if fully set forth here and further alleges as follows:

75. The aforementioned actions and/or omissions of the defendants, and each of them, constituted a negligent infliction of emotional distress upon Plaintiff.

### TENTH CAUSE OF ACTION
### (NEGLIGENCE)

76. Plaintiff incorporates by reference paragraphs 1 through 75 as if fully set forth here and further alleges as follows:

77. Defendant City was careless in the hiring, training, supervision, discipline and control of individual Defendants and others whose conduct is complained of herein.

78. Defendant City was careless in failing to have in place policies, procedures, rules and regulations and practices to prevent the type of violent, inappropriate conduct and in having policies and practices which encouraged said conduct, and/or failing to adhere to existing policies, procedures, rules and regulations.

79. Defendants were negligent in employing and retaining abusive, incompetent police officers whom they knew, or should have known, were a menace to the community, residents and, in particular, the Plaintiff.

### ELEVENTH CAUSE OF ACTION
### (PRIMA FACIE TORT)

80. Plaintiff incorporates by reference paragraphs 1 through 79 as if fully set forth here and further alleges as follows:

81. The actions of Defendants were willful, without reasonable or probable cause and without legal or social justification.

82. The actions of defendants were performed with the deliberate intent of injuring Plaintiff.

83. The actions of Defendants constituted a prima facie tort upon Plaintiff.

### DAMAGES

84. Plaintiff incorporates by reference paragraphs 1 through 83 as if fully set forth here and further alleges as follows:

85. That by reason of the aforesaid, Plaintiff ROBERT S. CIARDIELLO, has been rendered permanently injured, all with accompanying pain and suffering; has had and will require medical treatment and; incurred other special damages.

86. With respect to the claims arising under state law, this action falls within one or more exceptions enumerated in Article 16 of the CPLR.

87. The conduct of the defendants herein was so wanton, malicious, without regard for the safety, well being of the Plaintiff as to shock the conscience, thereby entitling Plaintiff to punitive damages.

88. The conduct of the aforementioned Defendants', and each of them, constitutes a threat to public safety and the general public at large, such as to entitle the Plaintiff an award of punitive damages.

89. Said conduct of said Defendants and their agents, servants and employees was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the emotional well-being of Plaintiff, and merits the imposition of punitive damages, in addition to compensatory damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Robert S. Ciardiello demands judgment against defendants as follows:

A. Compensatory damages.

B. Punitive damages against the individual defendants

C. Injunctive relief by order of the Court to Defendant City prohibiting the individual Defendants from contact with Plaintiff in the scope of their employment as New York City police officers.

D. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

E. All together with interest, costs and disbursements.

F. Such other and further relief as this Court deems just and proper.

**A JURY TRIAL IS DEMANDED**

Dated: White Plains, New York
March 17, 2008

*[signature]*
DEBRA S. COHEN
DSC6430
470 Mamaroneck Avenue
Suite 400
White Plains, New York 10605
(914) 478-1623
Of counsel

*[signature]*
LORI A. SULLIVAN
LAS8078
Law Office of Lori A. Sullivan
470 Mamaroneck Avenue
Suite 400
White Plains, New York 10605
(914) 287-2000