UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x

ROBERT S. CIARDIELLO,

                        Plaintiff,

          -against-

CITY OF NEW YORK, ANTONIO FERNANDEZ,
individually and officially as a Police Officer and
Employee of The City of New York, and other Officers
whose names are presently unknown,

                        Defendants.

----------------------------------------------------------------- x

**ANSWER**

08 CV 3580 (VM)

JURY TRIAL DEMANDED

      Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1.    Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      2.    Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      3.    Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to make allegations as stated therein.

      4.    Denies the allegations set forth in paragraph "4" of the complaint.

      5.    Denies the allegations set forth in paragraph "5" of the complaint.

      6.    Defendant states that the allegations set forth in paragraph "6" of the complaint states conclusions of law rather than averments of fact, and, accordingly, no response is required.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set in paragraph "7" of the complaint, except admits that plaintiff purports to proceed as stated therein.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

11. Denies the allegations set forth in paragraph "11" of the complaint, except admits that Antonio Fernandez is employed by the City of New York as a police officer.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint, except admits that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about May 3, 2007.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admits that this claim has not yet been settled or adjusted.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff's complaint in the instant action was filed on or about April 15, 2008.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that plaintiff was transported to the precinct.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint, except admits that plaintiff purports to have proceeded as stated therein.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint, except admit that Antonio Fernandez was employed by the City of New York as a police officer, and on duty.

37. Defendant states that the allegations set forth in paragraph "37" of the complaint sets forth conclusions of law rather than averments of fact. Accordingly, no response is required.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. In response to paragraph "39" of the complaint, defendant repeats and re-alleges the responses to the allegations set forth in paragraphs "1" through "38" as though fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to paragraph "41" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "40" as though fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. In response to paragraph "45" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "44" as though fully set forth herein.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. In response to paragraph "49" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "48" as though fully set forth herein.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint, except admits that plaintiff purports to have proceeded as stated therein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. In response to paragraph "54" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "53" as though fully set forth herein.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. Denies the allegations set forth in paragraph "60" of the complaint.

61. In response to paragraph "61" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "60" as though fully set forth herein.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. In response to paragraph "64" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "63" as though fully set forth herein.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to paragraph "69" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "68" as though fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "71" of the complaint.

73. Denies the allegations set forth in paragraph "72" of the complaint.

74. In response to paragraph "74" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "73" as though fully set forth herein.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. In response to paragraph "76" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "75" as though fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. In response to paragraph "80" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "79" as though fully set forth herein.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. In response to paragraph "84" of the complaint, defendant repeats and re-alleges his response to the allegations set forth in paragraphs "1" through "83" as though fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint, except admits that plaintiff purports to proceed as stated therein.

87. Denies the allegations set forth in paragraph "87" of the complaint.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. Denies the allegations set forth in paragraph "89" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

90. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

91. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

92. At all times relevant to the acts alleged in the complaint, defendant acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

93. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendant City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

94. Plaintiff's claims may be barred in part by the applicable doctrines of *res judicata* and/or *collateral estoppel.*

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

95. At all times relevant to the acts alleged in the complaint, defendant City of

New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

96. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

97. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

98. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

99. Plaintiff may have failed to comply with the conditions precedent to suit.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
July 29, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant City of New York
                                100 Church Street, Room 3-208
                                New York, New York 10007
                                (212) 788-1895

                        By: _____
                              Jessica T. Cohen (JC 0044)
                              Assistant Corporation Counsel

To:  Debra S. Cohen, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 08 CV 3580 (VM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ROBERT S. CIARDIELLO,<br><br>          Plaintiff,<br><br>      -against-<br><br>CITY OF NEW YORK, ANTONIO FERNANDEZ, individually and officially as a Police Officer and Employee of The City of New York, and other Officers whose names are presently unknown,<br><br>          Defendants. |
| **ANSWER** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Jessica T. Cohen*<br>*Tel: (212) 788-1895*<br>*NYCLIS No.* |
| *Due and timely service is hereby Admitted.*<br><br>*New York, N.Y. ............................................ ,2008*<br><br>*............................................................... Esq.*<br><br>*Attorney for ........................................................* |